# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Homer E. Means and<br>Denise Means,<br><br>Debtors. | C/A No. 08-04050-DD<br><br>Chapter 7<br><br>**ORDER** |

This matter is before the Court on an Amended Motion for Relief from Stay ("Motion") filed by Orion Construction Company, Inc. ("Orion") on May 27, 2011. An Objection to Orion's Motion was filed by Homer E. Means and Denise Means ("Debtors") on June 6, 2011. A Response to Debtors' Objection was filed by Orion on June 17, 2011. A hearing was held on June 20, 2011. At the conclusion of the hearing, the Court took the matter under advisement for further consideration. Pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this matter by Federal Rules of Bankruptcy Procedure 7052 and 9014(c), the Court now makes the following findings of fact and conclusions of law.

## **FINDINGS OF FACT**

Debtors filed for chapter 13 relief on July 7, 2008. Their chapter 13 plan was confirmed on September 3, 2008. On April 12, 2011, Orion filed a Motion for Relief from Stay, requesting a modification of the stay to allow Orion to move forward with a pending state mechanic's lien proceeding. An Objection to that Motion was filed by Debtors on April 26, 2011, and a hearing was held on May 10, 2011. Two days after the hearing, Debtors voluntarily converted their case to chapter 7. As a result, the Court entered an Order on May 19, 2011 stating that it could not provide Orion with any relief due to the conversion and indicating that Orion could notice the chapter 7 trustee of its motion if it wished to proceed following the conversion. Orion filed its Amended Motion on May 27, 2011, and Debtors again objected on June 6, 2011. Orion's

Amended Motion was substantially similar to Orion's original Motion for Relief from Stay. The chapter 7 trustee has not filed a response to the Amended Motion but has completed administration of the case and filed a report that no property is available for distribution to creditors.

Debtors contracted with Orion in June 2010 following a fire at Debtors' home. Orion agreed to repair fire and smoke damage to Debtors' home, and Debtors agreed to remit $180,000 from their insurance proceeds to Orion as payment for Orion's services. Debtors did not inform Orion that they were in bankruptcy. There is a dispute over whether Orion completed the repairs and whether repairs were competently performed. Debtors paid some money to Orion, but did not pay the entire $180,000.

Debtors converted their case to chapter 7 because Mrs. Means experienced health issues causing a marked increase in monthly medical expenses, and because Mr. Means was forced to cease operation of his lawn care business, resulting in decreased income. Debtors' original Schedule I and J show net monthly income of $4,065.67 from Mr. Means' income as a City of Columbia meter reader and Mrs. Means' Social Security Disability income, and monthly expenses of $3,652.00, leaving Debtors with disposable income of $413.67. No amended Schedule I or J has been filed.[1]

## **CONCLUSIONS OF LAW**

Orion argues that it is entitled to relief from stay for cause pursuant to 11 U.S.C. § 362(d) so that it can proceed with its state law action to complete perfection and foreclose its mechanic's lien. Debtors respond that any attempt to perfect Orion's mechanic's lien was a

---

[1] Debtors' Notice of Conversion to Chapter 7 indicated that they were converting to chapter 7 because Mr. Means had to close his lawn care business; however, this employment and income was not listed on Debtors' Schedule I. Debtors also indicated they had increased medical expenses since the commencement of their case. Debtors did file an amended Form 22A on May 24, 2011.

violation of the automatic stay and therefore was void. Debtors argue that Orion's claim is unsecured.

Under South Carolina law, the right to a mechanic's lien arises when an agreement exists between the service provider and the party to whom he is providing services and those services are actually performed. *Butler Contracting, Inc. v. Court St., LLC*, 369 S.C. 121, 128, 631 S.E.2d 252, 256 (2006). While agreement and performance are sufficient to create the right to a lien, a lien must be perfected to be enforceable. *Id.* In order to perfect a lien, the party asserting the lien must complete several steps. *Id.* If he completes those steps, he may foreclose on the property to satisfy his debt. *Id.* Orion claims it has the right to a mechanic's lien by virtue of the agreement between Orion and Debtors and the subsequent performance of repair services by Orion. At the hearing on Orion's Motion, counsel for Orion testified that all statutory requirements for filing and perfecting the lien had been followed. Debtors dispute Orion's performance of the contract. The Court has no specific information regarding whether these steps were followed, but, for the reasons below, it is unnecessary to attempt to make any such determination.

11 U.S.C. § 362(a)(4) provides that the filing of a bankruptcy petition operates as a stay of "any act to create, perfect, or enforce any lien against property of the estate." Ordinarily, then, the post-petition fixing of a lien is a violation of the automatic stay and is therefore invalid, regardless of whether the creditor had notice of the debtor's bankruptcy filing. *See* 11 U.S.C. § 362(a)(4); *Historical Props., Inc. v. County of San Diego*, 1997 WL 759545, at *1, *2 (9th Cir. Mar. 12, 1997); *In re Weatherford,* 413 B.R. 273, 283 (Bankr. D.S.C. 2009); *In re Excel Eng'g, Inc.*, 224 B.R. 582, 590 (Bankr. W.D. Ky. 1998). In Orion's case, because its lien was perfected, if at all, after the filing of Debtors' chapter 13 case, any fixing of the lien that might

have otherwise occurred is void due to the operation of the automatic stay. Orion's claim is unsecured and Orion does not have a lien on property of the estate.

Orion filed its mechanic's lien prior to the conversion of Debtors' case. Under section 348(d), claims arising after the filing of a chapter 13 petition but before conversion to another chapter are treated upon conversion as though they arose "immediately before the date of the filing of the petition." Therefore, after conversion, Orion's claim is treated as a pre-petition claim. This means that Orion's claim is dischargeable in Debtors' chapter 7 case. *See In re Moroney*, 352 F.3d 902, 904 (4th Cir. 2003) ("In general, a debtor filing for relief under Chapter 7 of the Bankruptcy Code is discharged from all pre-petition debt, subject to the exceptions enumerated in Section 523."). Orion's counsel indicated at the hearing on the Motion that Orion did not plan to bring any dischargeability action; thus, although Debtors have not yet received their chapter 7 discharge, it appears that Orion will not contest the discharge, and Orion's claim will be discharged in Debtors' chapter 7 case, at least to the extent of Debtors' personal liability.

Several courts have stated that under certain circumstances, actions to enforce mechanics' liens are subject to the automatic stay, but actions to perfect mechanics' liens are not, pursuant to section 362(b)(3). *In re Richardson Builders, Inc.*, 123 B.R. 736, 738 (Bankr. W.D. Va. 1990); *In re Birdview Satellite Commc'ns, Inc.*, 90 B.R. 465, 467 (Bankr. D. Kan. 1988); *In re Victoria Grain Co. of Minneapolis*, 45 B.R. 2, 6 (Bankr. D. Minn. 1984). Section 362(b)(3) provides:

> The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay – (3) under subsection (a) of this section, of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title.

Section 546(b) limits the avoidance powers of the trustee by allowing a creditor to perfect its lien post-petition under certain circumstances. The question then, is whether Orion should be allowed to perfect its lien arising from the now pre-petition debt. In order for a creditor to take advantage of this provision, it must perfect its lien in accordance with some generally applicable law, and that applicable law must provide that the perfection will relate back in time to some point prior to the commencement of the bankruptcy case. 5 Collier on Bankruptcy ¶ 546.03[1], [2] (16th ed. 2011). *See also In re Excel Eng'g, Inc.*, 224 B.R. 582 (Bankr. W.D. Ky. 1998). Numerous cases have addressed the common situation where a mechanic's lien arises but is not perfected before the filing of the bankruptcy petition. In these cases, courts have often found that section 546(b) applied to allow post-petition perfection of the parties' mechanics' liens. *In re Lionel Corp.*, 29 F.3d 88, 92, 93 (2nd Cir. 1994); *In re WWG Indus., Inc.*, 772 F.2d 810, 814 (11th Cir. 1985); *In re Cook*, 384 B.R. 282, 288 (Bankr. N.D. Ala. 2008); *In re McCord*, 219 B.R. 251, 252 (Bankr. E.D. Ark. 1998); *In re B.J. Packing, Inc.*, 158 B.R. 988, 991-92 (Bankr. N.D. Ohio 1993).

Section 546(b), and the cases cited above, will not help Orion. Section 348(a) provides that conversion "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." This section applies to the trustee's avoidance powers as well. *In re Matter of Meltzer*, 84 B.R. 312, 314 (Bankr. D. Conn. 1988). Thus, conversion to a different chapter does not change the date of a debtor's bankruptcy filing. Orion's contract with Debtors arose almost two years after the filing of Debtors' bankruptcy case. Therefore, because no work was performed by Orion until well after the filing of Debtors' case, the perfection of Orion's lien could not relate back to any pre-petition point in time, despite the fact that the debt is treated as a pre-petition claim for other purposes. For the reasons set

forth above, Orion's perfection action is not excluded from the automatic stay by virtue of section 362(b)(3), and Orion is not entitled to relief from stay.

## CONCLUSION

Orion's attempt to perfect its mechanic's lien occurred during Debtors' chapter 13 bankruptcy case and is therefore void. Orion's claim is unsecured and, following Debtors' conversion, is treated as a pre-petition claim. As a result, Orion's claim is dischargeable in Debtors' chapter 7 case. Orion is not entitled to relief from stay. Orion's Motion is denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**07/08/2011**



Entered: 07/11/2011

*signature*

David R. Duncan
US Bankruptcy Judge
District of South Carolina